IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 6, 2002 Session

## K. MAHENDRA CHOWBAY v. BRIAN DAVIS, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 00C-1099    Marietta M. Shipley, Judge**

---

**No. M2001-01838-COA-R3-CV - Filed June 27, 2002**

---

In this premises liability case, K. Mahendra Chowbay ("Plaintiff") sued the owners of a club, Silverado's Saloon and Dance Hall ("Silverado's"), for injuries Plaintiff received during an assault by one of Silverado's patrons, Brian Davis. Plaintiff also sued Davis. Silverado's owners, Pat Patton and Eight Track Management Company, LLC, d/b/a Silverado's Saloon and Dance Hall ("Defendants"), filed a Tenn. R. Civ. P. 12.02(6) motion to dismiss which must be treated as a motion for summary judgment because matters outside the pleadings were submitted to the Trial Court. Defendants contended in their motion that since Davis' assault of Plaintiff occurred on property neither owned nor operated by Defendants, Defendants owed no duty of care to Plaintiff to protect him from such an assault. The Trial Court granted Defendants' motion. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and WILLIAM C. KOCH, JR., J., joined.

J. Todd Faulkner, Nashville, Tennessee, for the Appellant, K. Mahendra Chowbay.

C. Bennett Harrison, Jr., and Nicole R. Paulk, Nashville, Tennessee, for the Appellees, Pat Patton and Eight Track Management Company, L.L.C., d/b/a Silverado's Saloon and Dance Hall.

# OPINION

## Background

One evening in April 1999, Plaintiff and a friend went to Silverado's. Plaintiff, while waiting in his car near the front entrance of the club for his friend, saw Brian Davis, another Silverado's patron, fighting with a third party outside Silverado's near the club's front entrance. Thereafter, Davis physically threatened Plaintiff, and the two began arguing. According to Plaintiff's Complaint, this prompted Silverado's security employees to tell Plaintiff and Davis to "take it somewhere else." The record shows Plaintiff claims he then drove his car across the street from Silverado's to a vacant parking lot to avoid trouble. When Plaintiff saw his friend leave Silverado's, he motioned for his friend to cross the street to his car. Davis and a large group of men then followed Plaintiff's friend to the vacant parking lot where they surrounded Plaintiff. Davis physically assaulted Plaintiff, which according to Plaintiff, resulted in serious physical injuries.

Plaintiff sued Davis and Silverado's owners, Pat Patton and Eight Track Management Company, LLC, d/b/a Silverado's Saloon and Dance Hall.[1] Plaintiff alleged Defendants failed to protect Plaintiff from Davis' assault and served Davis too much alcohol. In response, Defendants filed a motion to dismiss based upon Tenn. R. Civ. P. 12.02(6). As grounds for their motion, Defendants argued they owed no duty of care to protect Plaintiff from the assault since the assault did not occur on Silverado's premises.[2] Plaintiff, in his response to the motion to dismiss, contended the parking lot where the assault occurred should be considered a part of Defendants' premises since Silverado's patrons often used it for overflow parking. In support of his response to the motion to dismiss, Plaintiff relied upon his affidavit which provided, in pertinent part, as follows:

> (1) On the evening of the assault, the vacant parking lot where the assault occurred was used as overflow parking by many of Defendants' patrons; and
>
> (2) On numerous occasions prior to the assault, Plaintiff had patronized Silverado's and noticed many Silverado's patrons using the vacant lot for overflow parking.

---

[1] Plaintiff was allowed by the Trial Court to amend his original Complaint to name the correct owners of Silverado's, Pat Patton and Eight Track Management Co., LLC, d/b/a Silverado's Saloon and Dance Hall, as defendants. For simplicity's sake, we will treat Plaintiff's amended complaint as the "Complaint."

[2] Defendants' specific argument in support of their Motion to Dismiss is unclear from the motion since the motion itself does not provide their argument and Defendants' supporting memorandum of law is not contained in the record on appeal. Plaintiff's response to the Motion to Dismiss, however, states Defendants argued, in the motion, that they did not owe a duty of care to protect Plaintiff from an assault occurring off of its premises.

Thereafter, in December 2000, the Trial Court entered an Order continuing the hearing on Defendants' motion to dismiss until Plaintiff "has had the opportunity to take discovery on the issue of whether [Defendants] had any control over the property upon which the attack . . . occurred." Approximately six months later, in June 2001, Defendants filed a Renewed Motion to Dismiss ("Motion to Dismiss"). Defendants, in support of their motion, attached a copy of their responses to Plaintiff's discovery requests. Defendants contended their discovery responses showed they had no control over the vacant parking lot and that this lot was "simply adjacent land upon which patrons chose to park when [Silverado's] parking lot was full." Defendants argued they owed no duty to protect Plaintiff from Davis' assault. In addition, Defendants' discovery responses showed that while they were aware, at the time of the attack, that Silverado's customers used the vacant parking lot, Defendants neither owned the lot nor had any agreement with the owners of the lot regarding Silverado's customers' use of the lot.

The Trial Court, in its Order ("Final Order"), granted Defendants' Motion to Dismiss but did not state the specific reasons for granting Defendants' motion. The Final Order provided that "this Order is deemed a final Order pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure in that there exists no just reason for delay." Plaintiff appeals the Final Order.

## Discussion

Although not exactly stated as such, Plaintiff raises one issue on appeal for this Court's consideration: whether the Trial Court erred in granting Defendants' Motion to Dismiss because, according to Plaintiff, Defendants owed a duty to Plaintiff to protect him from the assault by Davis. Defendants, of course, do not dispute the Trial Court's grant of their Motion to Dismiss and raise no further issues on appeal.

While Defendants' dispositive motion in this matter was captioned "Motion to Dismiss" and was based upon Tenn. R. Civ. P. 12.02(6), it must be treated as a motion for summary judgment because matters outside the pleadings, Plaintiff's affidavit and Defendants' discovery responses, were presented to the Trial Court for its consideration. *See* Tenn. R. Civ. P. 12.02. Accordingly, we will use the standard of review applicable to Tenn. R. Civ. P. 56 motions for summary judgment in our determination of this appeal. Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine

issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89.

Plaintiff's lawsuit against Defendants is based upon the claim that Defendants were negligent. To establish a claim for negligence, a plaintiff must prove the following elements:

(1) a duty of care owed by the defendant to the plaintiff;

-4-

(2) conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty;

(3) an injury or loss;

(4) causation in fact; and

(5) proximate, or legal, causation. . . .

*Staples*, 15 S.W.3d at 89.

The record on appeal shows the parties do not dispute the material facts. The controlling issue in this matter is whether Defendants, as the owners of Silverado's, had a duty to protect Plaintiff from an assault by Davis, a non-employee, which occurred on a parking lot neither owned nor controlled by Defendants after Plaintiff and Davis left Silverado's premises. The issue of whether a defendant owes a duty of care to a plaintiff is a question of law. *Id.* at 89. Accordingly, in our *de novo* review, we must determine only whether Defendants are entitled to judgment as a matter of law. *Id.* at 88.

Our Supreme Court discussed what duty, if any, a defendant property owner or occupier owes its customers to protect them from criminal acts occurring on the defendant's premises, in pertinent part, as follows:

> "A business ordinarily has no duty to protect customers from the criminal acts of third parties which occur *on its premises*. The business is not to be regarded as the insurer of the safety of its customers, and it has no absolute duty to implement security measures for the protection of its customers. However, a duty to take reasonable steps to protect customers arises if the business knows, or has reason to know, either from what has been or should have been observed or from past experience, that criminal acts against its customers *on its premises* are reasonably foreseeable, either generally or at some particular time."

*Id.* at 89 (quoting *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 902 (Tenn. 1995) (emphasis added)).

The Court in *Staples v. CBL & Associates*, also discussed the concept of "duty" as follows:

> Duty is the legal obligation a defendant owes to a plaintiff to conform to a reasonable person standard of care in order to protect against unreasonable risks of harm. . . . In assessing whether a duty is owed

in a particular case, courts must apply a balancing approach, based upon principles of fairness to identify whether the risk to the plaintiff was unreasonable. . . . This Court has stated that a "risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm."

*Id.* (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998)).

Plaintiff, on appeal, argues the Trial Court erred in holding that Defendants had no duty to protect Plaintiff from the assault because Defendants neither owned nor controlled the vacant parking lot where the assault occurred. Citing *Staples v. CBL & Associates*, Plaintiff contends Defendants had a duty to protect him from Davis' assault since the risk posed to Plaintiff, a Silverado's patron, was unreasonable and because the attack was foreseeable to Defendants. Plaintiff argues Davis' assault of him was foreseeable to Defendants because some of Silverado's security employees witnessed the verbal altercation between Plaintiff and Davis which occurred on Silverado's premises. Plaintiff also contends, and Defendants do not dispute this contention, that Defendants knew Silverado's patrons were using the vacant parking lot for overflow parking.

The record shows that while Defendants were aware Silverado's customers used the vacant parking lot where Davis' assault of Plaintiff occurred, Defendants neither owned nor controlled the lot, and Plaintiff does not dispute this material fact. Plaintiff, in support of his argument on appeal, cites no Tennessee cases, nor has our research found any, which hold that a property owner or operator owes a duty to its customers to protect them from criminal conduct occurring off defendant's premises.[3] In fact, the cases cited by Plaintiff in support of his argument on appeal, including *Staples v. CBL & Associates*, set forth the standard for determining whether a premises owner or operator has a duty to protect its customers from criminal conduct occurring *on its premises. Id.* at 89-91. Applying the facts and circumstances of this matter to current Tennessee law, any duty of Silverado's to protect Plaintiff from criminal conduct ended when Plaintiff left Silverado's premises. A "'business is not to be regarded as the insurer of the safety of its customers, and it has no absolute duty to implement security measures for the protection of its customers.'" *Id.* at 90 (quoting *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d at 902). We decline to extend the duty owed by a premises owner or operator to its customers to include protection from criminal acts occurring off the defendant business' property. Accordingly, because Defendants owed no duty to protect Plaintiff from an assault occurring across the street from their premises in a vacant parking

---

[3] We note Tennessee courts have recognized "that under certain circumstances, an owner or occupier of premises may owe a duty to persons on a public thoroughfare adjacent to the premises." *Estes v. Peels*, No. E1999-00582-COA-R3-CV, 2000 Tenn. App. LEXIS 641, at * 17 (Tenn. Ct. App. Sept. 21, 2000), *no appl. perm. app. filed,* (citing *De Ark v. Nashville Stone Setting Corp.*, 279 S.W.2d 518 (Tenn. Ct. App. 1955)). These cases, however, provide no support for Plaintiff's position given the facts of this case.

lot neither owned nor operated nor controlled by Defendants, we hold Defendants were entitled to judgment as a matter of law, and, therefore, find no error by the Trial Court.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, K. Mahendra Chowbay, and his surety.

_____
D. MICHAEL SWINEY, JUDGE